IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

THE HONORABLE LEON A.
KENDALL,

                         Plaintiff,      CASE NO. 2010-109

v.

SUPERIOR COURT OF THE
VIRGIN ISLANDS, GOVERNMENT
OF THE VIRGIN ISLANDS, and
THE HONORABLE DARRYL D.
DONOHUE, SR., in his
official capacity,

                       Defendants.

**MEMORANDUM AND ORDER**

Before the Court is plaintiff's motion to amend the complaint. For reasons explained below, the motion will be granted.

Plaintiff alleges that in 1983 he was hired as Assistant General Counsel at the Superior Court of the Virgin Islands ("Superior Court"), and in 1987, he was promoted to General Counsel. From 2003 until his retirement in October 2009, he was a Judge at the Superior Court.

Plaintiff seeks an adjudication of his entitlement to a lump sum payment for accumulated sick leave, annual leave, and earned compensatory time based on a "contract of employment" between him, the Superior Court, and the Government of the Virgin Islands ("Government") as governed by the applicable law as it existed in 1983 and 2003. Plaintiff now seeks to amend the complaint to refine these allegations, and to seek an adjudication that his General Counsel's retirement annuity should be calculated based on

*Kendall v. Superior Court of the Virgin Islands, et al.*
Civil No. 2010-109
Page 2 of 4

the law as it existed in 1983, not on the law as amended in 1991.

**LEGAL STANDARD**

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint should be freely given when justice so requires.[1] A motion to amend may be denied "if a plaintiff's delay in seeking the amendment is undue, motivated by bad faith, prejudicial to the opposing party, or where amendment would be futile."[2] "Prejudice to the non-moving party is the touchstone for the denial of the amendment."[3] A "non-moving party, [however], must do more than merely claim prejudice; 'it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely.'"[4]

**ANALYSIS**

There is no suggestion that the motion is motivated by bad faith. The defendants claim, however, that they will be prejudiced because the motion was filed four months after the complaint was

---

[1] Fed. R. Civ. P. 15 (a).

[2] *E. H. v. School District of Philadelphia*, 2009 U.S. Dist. LEXIS 118921, at *5 (E. D. Pa. December 21, 2009) *(citing Foman v. Davis*, 371 U.S. 178 (1962)).

[3] *Cornell & Company v. Occupational Safety and Health Review Commission*, 573 F. 2d 820, 823 (3d Cir. 1978).

[4] *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)(citations omitted).

*Kendall v. Superior Court of the Virgin Islands, et al.*
Civil No. 2010-109
Page 3 of 4

filed, and after the Superior Court filed its Motion to Dismiss.

Other than merely claiming prejudice, defendants have not

articulated how they will be unfairly disadvantaged or deprived of

an opportunity to present facts or evidence which they would have

presented if the motion had been made at an earlier date.  On this

record, the Court cannot find there was any undue delay or that

defendants will suffer prejudice such that leave to amend should be

denied.

The Government also opposes the motion on the basis that the

proposed amendments are futile.  The Government contends that the

amendments are futile because plaintiff was an employee of the

judicial branch of the Government, not the executive branch, and

therefore, the Government is not a proper party to the action.  The

Government's argument is in essence that because it is not a proper

party, amending the claims against it would be futile.

Section 2(b) of the Revised Organic Act of 1954 provides that

"[t]he government of the Virgin Islands shall have . . . the right

to sue by such name and in cases arising out of contract, to be

sued . . . ."  This provision has been interpreted to apply to

contracts entered into by any branch of government.[5]  Here,

plaintiff alleges an impairment of contract regarding his

entitlement to benefits as an employee of the judicial branch of

---

[5] *Creque v. Roebuck* 16 V.I. 197, 205-06 (Terr. Ct. 1979).

*Kendall v. Superior Court of the Virgin Islands, et al.*
Civil No. 2010-109
Page 4 of 4

the Government.  Other judicial employees have maintained similar

actions against the Government.[6]  Accordingly, the Government's

contention that the proposed amendments are futile because the

Government is not a proper party to the action is without merit.

## CONCLUSION

The premises considered, it is hereby

ORDERED that plaintiff's motion to amend the complaint is

GRANTED; it is further

ORDERED that plaintiff's amended complaint shall be deemed

filed as of the date of this Order; it is further

ORDERED that the amended complaint shall be referred to as the

First Amended Complaint; and it is further

ORDERED that defendants shall file answers or otherwise

responsive pleadings to the First Amended Complaint within 21 days

of the date of this Order.


S\_____
        **RUTH MILLER**
        United States Magistrate Judge

---

[6] *See Marsh v. Government of the Virgin Islands*, 431 F.
Supp. 800 (D.V.I. 1977) (former judge of the Municipal Court of
the Virgin Islands sued the Government of the Virgin Islands
challenging the formula used to calculate the lump sum payment of
unused annual leave); *Joseph v. Government of the Virgin Islands*,
576 F. Supp. 1335 (D.V.I. 1983)(former and then current Judges of
the Territorial Court of the Virgin Islands sued the Government
of the Virgin Islands to determine pension benefits under
repealed legislation).