```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

THE HONORABLE LEON A. KENDALL,       )
                                     )
          Plaintiff,                 )
                                     )
          v.                         )    Civil No. 2010-109
                                     )
SUPERIOR COURT OF THE VIRGIN         )
ISLANDS, GOVERNMENT OF THE VIRGIN    )
ISLANDS, and THE HONORABLE DARRYL    )
D. DONOHUE, SR., in his official     )
capacity,                            )
                                     )
          Defendants.                )
```

ATTORNEYS:

**Robert L. King, Esq.**
St. Thomas, U.S.V.I.
   *For the plaintiff.*

**Aquannette Y. Chinnery, AAG**
St. Thomas, U.S.V.I.
   *For the defendant the Government of the Virgin Islands.*

**Queen Terry, Esq., General Counsel**
St. Thomas, U.S.V.I.
   *For the defendants the Superior court of the Virgin Islands and Darryl D. Donohoue, Sr.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the renewed motion of defendant Darryl D. Donohue, Sr. ("Judge Donohue") and defendant Superior Court of the Virgin Islands ("Superior Court") (collectively, the

*Kendall v. GVI, et al.*
Civil No. 2010-109
Memorandum Opinion and Order
Page 2

"Government") to dismiss this matter for lack of subject matter jurisdiction.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

At all relevant times, the Virgin Islands Government Employees Retirement System ("GERS") provided for retirement benefits for members of the judiciary. V.I. CODE ANN. tit 3, § 733 provides, in pertinent part: "Each person who becomes a member of the Judiciary after January 28, 1977, and who is then not a participant [in GERS] by previous appointment, shall automatically become a member of [GERS] . . . ." V.I. CODE ANN. tit 3, § 733(b).

In 1983, Leon A. Kendall ("Judge Kendall") was hired by the Superior Court (then the Territorial Court) as the Assistant General Counsel. Judge Kendall alleges that "As a result of his employment with [the Government], a contract was formed between the parties whereby in consideration for his services as an Attorney, [the Government] promised to compensate [him] therefore, subject to all existing laws applicable to employees of . . . [the] Government." Pl.'s Amend. Compl., ECF No. 17-1, ¶ 11.

---

[1] Defendants Donohue and the Superior Court previously filed motions to dismiss on November 12, 2010 and February 3, 2011, respectively. Donohue and the Superior Court jointly filed a renewed motion to dismiss, substantially identical to Donohue's original motion, on July 25, 2011. All references to the motion to dismiss are intended to refer to the renewed motion unless otherwise indicated.

*Kendall v. GVI, et al.*
Civil No. 2010-109
Memorandum Opinion and Order
Page 3

At the time Judge Kendall began his employment with the Superior Court, V.I. CODE ANN. tit. 3, § 731(a) provided that "All sick leave in excess of 90 days shall be paid in lump sum as compensation to the employee at his rate of pay . . . . " V.I. CODE ANN. tit. 3, § 731(a) (1981).

At the same time, V.I. CODE ANN. tit 3, § 706 provided "Upon retirement from service, a member shall receive a service retirement annuity, payable semi-monthly, computed at the rate of 2.5% of average compensation times the number of years of credited service, not to exceed 40 years." V.I. CODE ANN. tit 3, § 706(a) (1981).

In 1986, the Legislature passed Act No. 5135, which amended V.I. CODE ANN. tit. 3, § 731(a). Act No. 5135 provided that employees of the Government of the Virgin Islands would receive only a credit to their retirement annuity for any unused leave, rather than a lump-sum payment. V.I. CODE ANN. tit. 3, § 731(a) (1986).

In 1987, Judge Kendall was promoted to the position of General Counsel.

In 1991, the Legislature passed Act No. 5763, which added the following provision to V.I. CODE ANN. tit. 3, § 706: "Notwithstanding any other law, no member shall receive a service retirement annuity in an amount that exceeds $65,000 per

*Kendall v. GVI, et al.*
Civil No. 2010-109
Memorandum Opinion and Order
Page 4

annum exclusive of any cost of living annuity." V.I. CODE ANN. tit. 3, § 706(d) (1991). Judge Kendall alleges that his retirement annuity has been capped at $65,000, even though his salary exceeded that at the time he completed his service as General Counsel.

In 2003, Judge Kendall was appointed to be an Associate Judge in the then-Territorial Court of the Virgin Islands.

Over the course of his tenure with the Government, Judge Kendall accumulated annual leave, sick leave, and compensatory time--leave granted in exchange for overtime pay--which he did not use.

At the time of Judge Kendall's retirement, the Presiding Judge of the Superior Court was Darryl D. Donohue.

In or about October, 2009, Judge Kendall requested compensation for the unused annual leave, sick leave, and compensatory time he had accumulated over the course of his career with the Government. Judge Kendall asked for this compensation in a single, lump-sum payment. In an October 28, 2009, letter, Judge Donohue refused Judge Kendall's request for a lump-sum payment.

Thereafter, Judge Kendall initiated this action. In his complaint Judge Kendall asserts four counts. In Count I, he alleges that the passage of Act. No. 5135 impaired the contract

he entered into with the Government in 1983 by denying him lump-sum compensation for his unused sick leave. In Count II, he alleges that the passage of Act. No. 5763 in 1991 impaired the contract he entered into with the Government in 1983 by capping his annuity at $65,000, and claims he is entitled to an uncapped annuity calculated based on his years of service in the General Counsel's office. In Count III, he alleges that under the law in 1983 and the 1983 contract, he is entitled to lump-sum compensation for unused annual leave. In Count IV, he alleges that under the law in 1983 and the 1983 contract, he is entitled to lump-sum compensation for his unused compensatory time.

The Government now moves to dismiss this action for lack of subject-matter jurisdiction.[2] Judge Kendall filed a timely opposition.

An evidentiary hearing on the Government motion was not held.

## II. DISCUSSION

Subject-matter jurisdiction may be challenged by either "a facial attack on the complaint," *Doe v. Goldstein's Deli*, 82 Fed. App'x 773, 775 (3d Cir. 2003) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977), or a

---

[2] In their motion, the defendants request "that this Honorable Court dismiss said Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6)." However, their motion only addresses subject matter jurisdiction.

factual challenge, which "question[s] the existence of subject matter jurisdiction in fact, apart from the pleadings." *Id*. Regardless of the form of the challenge, "[t]he plaintiff always bears the burden of convincing the court, by a preponderance of the evidence, that the court has jurisdiction." *Id.* (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

"In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *PBGC v. White*, 998 F.2d 1192, 1196 (3d Cir. 1993). "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of . . . jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller v. Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

### III. ANALYSIS

Judge Kendall argues that subject-matter jurisdiction exists because his complaint raises a federal question. Specifically, he argues that he has stated a claim under the

*Kendall v. GVI, et al.*
Civil No. 2010-109
Memorandum Opinion and Order
Page 7

Impairment of Contracts Clauses of the United States Constitution and its corollary in § 3 of the Revised Organic Act of 1954, a congressional enactment. The parties do not dispute that they are all citizens of the Virgin Islands, and thus this Court does not have diversity jurisdiction.

28 U.S.C. § 1331 gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The most straightforward test of whether an action presents a federal question is to determine the law from which the cause of action arises, federal or otherwise." *Club Commanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 259 (3d Cir. 2002) (citing *Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). However, even if "the cause of action is created by state or territorial law rather than federal law, the claim may still present a federal question." *Id.* This situation "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (citing *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987))). "A plaintiff's lack of reference, or erroneous reference to federal law is not

controlling." *Id.* (citing *N. Am. Phillips Corp. v. Emery Air Freight Corp.*, 579 229, 233 (2d Cir. 1978)).

In determining whether the complaint properly presents a federal question, "[m]odern cases . . . look to the pleading requirements established in the statutes from which the causes of action arise, or in courts' interpretations of the pleading requirements of those statutes." *Id.* (citing *Yokeno v. Mafinas*, 973 F.2d 803, 808 (9th Cir. 1992) (citing *Hodges Transp., Inc. v. Nevada*, 562 F. Supp. 521, 522 (D. Nev. 1983))).

Both the Contract Clause of the U.S. Constitution and the Contract Clause contained in the Revised Organic Act of 1954 are substantially identical. The Federal Constitution provides, "No State shall . . . pass any . . . Law impairing the Obligation of Contracts . . . ." U.S. Const. Art. I, § 10, cl. 1. The Revised Organic Act provides, "No law impairing the obligation of contracts shall be enacted." V.I. CODE ANN. Rev. Org. Act of 1954 § 3, cl. 6.

To prevail on a Contract Clause Claim, a plaintiff must demonstrate: "(1) whether there is a contractual relationship; (2) whether a change in a law has impaired that contractual relationship; and (3) whether the impairment is substantial." *Transp. Workers Union of Am., Local 290 ex rel. Fabio v. SEPTA*, 145 F.3d 619, 621 (3d Cir. 1998) (quoting *GM Corp. v. Romein*,

*Kendall v. GVI, et al.*
Civil No. 2010-109
Memorandum Opinion and Order
Page 9

503 U.S. 181, 186 (1992) (quoting *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 244 (1978))). *Substantial impairment* is defined as the substantial thwarting of the "legitimate expectations of the plaintiff." *Id.*

In determining whether a plaintiff has stated a claim for which relief can be granted under the Contracts Clause, courts apply the same three-pronged analysis, albeit in a more generous fashion. *See Dietz's Inc. v. City of Chicago*, 2005 WL 2592550, at *3, 2005 U.S. Dist. LEXIS 23496, at *7–10, (N.D. Ill. Oct. 11, 2005); *Moore v. Church Hill House*, 220 F.R.D. 454, 456 (E.D.Va. 2003). At a minimum, courts require that, first, the plaintiff allege the existence of a contract. *See Dietz's Inc. v. City of Chicago*, 2005 WL 2592550, at *3, 2005 U.S. Dist. LEXIS 23496, at *8–9, (N.D. Ill. Oct. 11, 2005) (holding that plaintiff failed to allege the existence of a contract when the documents exchanged between the parties stated they did not confer "any contractual, procedural, or other rights" and that their agreement might be "terminat[ed] or modif[ied] . . . at any time").

Second, the plaintiff must allege that there was some state action that changed the law. *See Moore*, 220 F.R.D. at 456 (holding that the plaintiff failed to allege state action because "Defendants are not in fact government entities").

Third, the plaintiff must allege that the state action interfered with legitimate expectations created by a contract that predated the state action. *See Transp. Workers Union*, 145 F.3d at 621 (holding that because plaintiffs had only alleged expectations arising from a contract that was formed after a law was enacted, that law did not "substantially impair any contractual expectations of the plaintiffs").

In his complaint, Judge Kendall alleges that "As a result of his employment with [the Government], a contract was formed between the parties whereby in consideration for his services as an Attorney, [the Government] promised to compensate [him] therefore, subject to all existing laws applicable to employees of . . . [the] Government." Pl.'s Amend. Compl., ECF No. 17-1, ¶ 11. The Government does not challenge that it had a contractual relationship with Judge Kendall. Instead, the Government argues that whatever contractual relationship existed was terminated when Judge Kendall was promoted to General Counsel in 1987, after Act No. 5135 was enacted. The Government further argues that the 1987 contract was terminated when Judge Kendall was appointed to the bench in 2003. Judge Kendall has alleged that he "was employed by . . . [the] Government . . . for an uninterrupted period from 1983 to 2009 . . . ." Pl.'s Amend. Compl., ECF No. 17-1, ¶ 22. Thus, even assuming the

Defendant's position is correct, Judge Kendall has still alleged the existence of a contractual relationship prior to the enactment of Act No. 5135 in 1986. Similarly, Judge Kendall alleged the existence of a contractual relationship prior to the enactment of Act No. 5763. These allegations are sufficient to meet the pleading standard for the first element of a Contracts Clause claim.

Judge Kendall also alleges that the "subsequently enact[ed] legislation . . . impaired [the Government's] obligation to pay [Judge Kendall] his accumulated and accrued sick leave . . . ." Pl.'s Amend. Compl., ECF No. 17-1, ¶ 33. Judge Kendall further alleges that "subsequently enact[ed] legislation . . . impaired [the Government's] obligation to pay [Judge Kendall] an annuity for his service as General Counsel based upon the law as it existed at the time he commenced his employment." Pl.'s Amend. Compl., ECF No. 17-1, ¶ 38. Thus, Judge Kendall has alleged state action, in the form of Acts Nos. 5135 and 5763, interfering with a contract. These allegations are sufficient to meet the pleading standard for the second element of a Contracts Clause Claim.

Third, Judge Kendall alleges that the Government "had an obligation to pay [him] for all accumulated sick leave in a lump sum . . . ." Pl's Amend. Compl., ECF No. 17-1, ¶ 32. He further

alleges that the Government "had an obligation to pay [him] An [*sic*] annuity for his service as General Counsel based upon 3 V.I.C. § 706 as it existed when he commenced his employment in 1983." Pl.'s Amend. Compl., ECF No. 17-1, ¶ 37.

In *Joseph v. Gov't of the Virgin Islands*, 576 F. Supp. 1335 (D.V.I. 1983), which similarly involved a claim by several retired judges that their pension plans were not being honored, this Court held that:

> pension rights, because of their nature as deferred compensation, vest under legislation in effect upon the commencement of service . . . .
>
> . . . . Such a pension right may not be destroyed, once vested, without impairing a contractual obligation of the employing public entity.
>
> Applying these principles to the case at hand, we hold that when [the judges] entered upon judicial service they were entitled to those benefits which were part of the retirement system under applicable law.

*Id.* at 1340 (internal citations and quotation omitted).

Judge Kendall has alleged that, at the time he entered into government service, the law provided for a right to lump-sum compensation and did not set any limits for the amount of retirement annuities. Thus, he alleges, his right to an uncapped retirement annuity and lump-sum compensation for unused sick leave vested under the law in effect in 1983. Thus, Judge Kendall has alleged that he had a legitimate expectation to lump-sum compensation.

Judge Kendall has therefore alleged the three elements of a Contracts Clause claim. At this stage of the litigation, his complaint presents, on its face, a federal question. Accordingly, this Court has subject matter jurisdiction over Counts I and II.

## B. Supplemental Jurisdiction

The Government argues that Counts III and IV of Judge Kendall's Amended Complaint sound entirely in state law because the laws governing compensation for unused leave and unused compensatory time have not changed in any relevant way during Judge Kendall's service.

Under 28 U.S.C. § 1367, if a district court has subject matter jurisdiction over a party's federal claim, it may also have supplemental jurisdiction over the party's territorial-law claims. Section 1367 provides that

> the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). There are three requirements that must be met for a court to exercise supplemental jurisdiction:

> The federal claims must have substance sufficient to confer subject matter jurisdiction on the court. The state and federal claims must derive from a common nucleus of operative fact. But if considered without regard to their state or federal character, a

> plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in the federal courts to hear the whole.

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 302 (3d Cir. 1998) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). "A district court may not assert supplemental jurisdiction over state claims that are totally unrelated to the federal claims that form the basis of the court's jurisdiction." *Id.* (citing *Lyon v. Whisman*, 45 F.3d 758, 761 (3d Cir. 1995).

As discussed in more detail above, Judge Kendall's complaint raises a substantial federal issue. He alleges that his contract with the Government has been impaired by subsequently enacted law, which if true is a violation of the Federal Constitution and the Revised Organic Act of 1954.

Counts III and IV of Judge Kendall's complaint assert claims arising from the same contractual dispute as his Contracts Clause claim. Specifically, Judge Kendall also seeks lump-sum compensation for his unused compensatory time and his unused leave time. He asserts that he is entitled to this compensation under his contract with the Government and under Virgin Islands law. Ordinarily, these claims, concerning the same contract and the same contracting parties, would be tried

in one judicial proceeding. Thus, this Court will exercise its supplemental jurisdiction over Counts III and IV of Judge Kendall's complaint.

The premises considered, it is hereby

**ORDERED** that the Government's motion to dismiss for lack of subject matter jurisdiction is **DENIED**.[3]

```
                              S_____
                                 Curtis V. Gómez
                                 Chief Judge
```

---

[3] At this stage in the litigation, the Court's decision rests solely on the allegations of Judge Kendall's complaint. That is, the Court has determined a facial challenge to jurisdiction. The factual record is not sufficiently well-developed for this Court to look beyond the pleadings and weigh the evidence submitted by the parties. An assessment of either the factual basis for jurisdiction or the merits of the claims will only be appropriate once the factual record has been more fully developed.