IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| HONORABLE LEON A. KENDALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 3:10-cv-00109-CVG-RM |
| ) | |
| SUPERIOR COURT OF THE VIRGIN ) | |
| ISLANDS, GOVERNMENT OF THE ) | |
| VIRGIN ISLANDS, and HONORABLE ) | |
| DARRYL D. DONOHUE, SR. in his ) | |
| official capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## ORDER

This matter is before the Court on the Motion for Joinder of the Government Employees Retirement System ("GERS") as a Necessary Party [DE-70] by Defendants Superior Court of the Virgin Islands ("the Superior Court") and Honorable Darryl D. Donohue, Sr. ("Donohue"). (collectively, "the Superior Court defendants"). The Government of the Virgin Islands has not taken a position on the motion. Honorable Leon A. Kendall ("Kendall") has no objection to the joinder of GERS.[1] The matter is fully briefed and ripe for disposition. For the reasons that follow, this Court DENIES the motion.

---

[1] While Kendall states he has no objection to the joinder of GERS, *see* Pl.'s Resp. Defs.' Mot. Joinder ("Pl.'s Resp.") at 2 [DE-72], his response suggests otherwise. In particular, Kendall disagrees with the Superior Court defendants' contention that GERS is a necessary party due to perceived financial ramifications of a judgment in Kendall's favor on the Government and GERS. *See id*. at 3. The Court observes further that Kendall's brief includes an untimely response to the District Court's denial [DE-65] of Kendall's motion for partial summary judgment [DE-25]. *See id*. at 2-3.

## I. RELEVANT BACKGROUND

Kendall initiated this action on 20 October 2010 for damages arising out of a breach of employment contract. In particular, Kendall alleges under the terms of the contract, entered into between the parties in 1983, the defendants failed upon his retirement to make lump sum payments to Kendall for his accumulated sick leave, annual leave and earned compensatory time, as well as appropriate payment of an annuity for his service. First Am. Comp. ¶¶ 11, 31-32, 36-37, 40-41, 45-46 [DE-17.1]. Under the alleged contract, Kendall initially provided services as an attorney and later as a judge for the Superior Court in exchange for compensation "subject to all existing laws applicable to employees of" the government. *Id*. ¶¶ 11, 15.

The relevant procedural history of this case is set forth in this Court's Order dated 2 October 2012 [DE-144] and will not be reiterated here with the exception of history relevant to this motion. In particular, in the Report of Parties' Planning Meeting [DE-50], the parties stated, *inter alia*, that "Defendants Superior Court and Donahue **do not** intend to join additional parties." [DE-50, p. 2, part 2.c., emphasis in original]. However, on 19 March 2012, in direct contravention of their previous written representation to the Court, the Superior Court defendants moved to join GERS as an additional party [DE-70]. After the other parties responded, the Court held a hearing on June, 25, 2012, and then took additional briefing thereafter.

## II. MOTION FOR JOINDER

The Superior Court defendants move to add GERS as a necessary and indispensable party defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure.

Joinder of necessary parties is governed by Rule 19 of the Federal Rules of Civil Procedure. A party is necessary if, <u>in the absence of the party</u>, (1) complete relief cannot be afforded to the present parties, (2) the disposition of the action would impair the party's ability to

protect its own interest, or (3) any of the present parties would be subject to a substantial risk of multiple or inconsistent obligations. *See* FED. R. CIV. P. 19(a).[2] If the party is necessary under Rule 19(a), the party must be joined, if joinder is feasible.[3] The moving party has the burden of showing why an absent party should be joined under Rule 19(a). *Axis Specialty Ins. Co. v. Brickman Group LTD, LLC*, 2010 U.S. Dist. LEXIS 7969, at *12 (E.D. Pa. Jan. 29, 2010).

The Superior Court defendants appear to argue GERS is a necessary party to this action pursuant to subsections 19(a)(1)(A) and 19(a)(1)(B)(i). Specifically, the Superior Court defendants argue (1) without GERS, complete relief cannot be accorded Kendall due to "statutory prohibitions on the system that[,] absent a direct court order to the contrary[,] . . . GERS could not legally alter [Kendall's] annuity without legislative authorization or further litigation," and (2) "parties with a statutory, administrative and/or fiduciary duty in preserving, administering, and/or dispensing amounts from and protecting a fund such as a government employees retirement fund are also necessary parties." Defs.' Mot. Joinder ("Defs.' Mot") at 2, 4. In their supplemental memorandum of law, the Superior Court defendants contend that while

---

[2] Specifically, Rule 19(a) provides as follows:

(a) Persons Required to Be Joined if Feasible.

   (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

      (A) in that person's absence, the court cannot accord complete relief among existing parties; or
      (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
         (i) as a practical matter impair or impede the person's ability to protect the interest; or
         (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

[3] If joinder is necessary, but infeasible, the Court must then determine whether the party is "indispensable" under Rule 19(b). This inquiry requires a balancing of the interests of the plaintiff, the defendant, the absent party, the courts, and the public. *See Feriozzi Co. v. Ashworks, Inc.*, 130 Fed. Appx. 535, 538 (3d Cir. 2005) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 109-111 (1968)). If an absent party is indispensable, the Court must dismiss the action. *See Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007). Here, the parties do not dispute that joinder, if proper, is feasible.

counts one through three of Kendall's amended complaint "implicate[] GERS in some way, Count II [] has the potential for the most direct and substantive impact."[4] Defs.' Supplemental Mem. Law Supp. Defs.' Mot. ("Defs.' 2nd Mem.") at 1 [DE-99]. The Court considers the first and second sections of Rule 19(a) in turn.

### A. GERS is not a necessary party under Rule 19(a)(1)

Under Rule 19(a)(1), a court must determine whether complete relief can be accorded "on the basis of those persons who are already parties." *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3d Cir. 1996). The effect of the litigation on the absent party is immaterial under Rule 19(a)(1). *See Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 405 (3d Cir. 1993); *see also Angst*, 77 F.3d at 705 (stating "[c]ompleteness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought").

In this case, Kendall concedes that GERS "is inextricably intertwined with this contract because membership in that system was a condition of" Kendall's employment. Pl.'s Resp. at 1 [DE-72]. Nevertheless, Kendall does not seek relief against GERS. In fact, Kendall characterizes as "improper and baseless speculation" the argument by the Superior Court defendants that a judgment in Kendall's favor would negatively impact GERS. Pl.'s Resp. at 3. Kendall's lawsuit is predicated on an employment contract, to which GERS was not a party. Accordingly, complete relief can be accorded to Kendall without the joinder of GERS and GERS is thus not a necessary party under Rule 19(a)(1). *See Pegasus Int'l, Inc. v. Crescent Mfg. Co.*,

---

[4] In the first three counts of Kendall's amended complaint, Kendall alleges defendants violated the parties' employment contract by failing to pay (1) accumulated sick leave in lump sum pursuant to "act 4602" (count I); (2) an annuity for Kendall's service pursuant to 3 V.I.C. § 706 (count II); and (3) accumulated annual time pursuant to 3 V.I.C. § 587 (count III).

2007 U.S. Dist. LEXIS 24753, at *7 (E.D. Pa. Apr. 2, 2007) (finding plaintiff failed to meet its burden under Rule 19(a)(1) given the absent party was not a party to the contract that formed the plaintiff's claims); *Toner v. Miller*, 2004 U.S. Dist. LEXIS 1553, at *20 (E.D. Pa. Feb. 4, 2004) (finding defendants failed to meet their burden under Rule 19 as "[c]omplete relief can be accorded to [p]laintiff by the named [d]efendants, who alone executed" the contract with plaintiff).

**B.     GERS is not a necessary party under Rule 19(a)(1)(B)(i)**

Subdivision 19(a)(1)(B)(i) requires a court to decide whether determination of the rights of the parties before it would impair or impede an absent party's ability to protect its interest in the subject matter of the litigation. *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 405 (3d Cir. 1993). This subdivision "recognizes the importance of protecting the person whose joinder is in question against the practical prejudice to him which may arise through a disposition of the action in his absence." FED. R. CIV. P. 19, Notes of Advisory Committee. Satisfying this subsection initially requires that the absent party claim a legally protected interest relating to the subject matter of the action. *See Memphis Equip. Co., Inc. v. Robinson*, 2006 U.S. Dist. LEXIS 39644, at *13 (M.D. Pa. June 15, 2006) (citing *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 49 (2d Cir. 1996)).

The Superior Court defendants have made no showing that GERS has claimed a legally protected interest relating to the subject of the action.[5] Indeed, GERS itself has not come forward to claim an interest. Rather, the Superior Court defendants attempt to fashion an interest

---

[5] This Court conducted a hearing on this motion on June 25, 2012. At that hearing, the Superior Court defendants offered no testimony or documentary evidence in support of their claim that GERS had an interest to be protected in this matter. Further, at no time did GERS seek to intervene or express an interest in any other fashion in becoming a party to this case.

on behalf of GERS, arguing only that GERS has an interest in this matter as a fiduciary without further explanation. *See* Defs.' Mot. at 2 [DE-70] (citing *Torcise v. Community Bank*, 116 F.3d 860, 865 (11th Cir. Fla. 1997) (holding "[i]t is well established under Rule 19 that all claimants to a fund must be joined to determine the disposition of that fund")). However, a "mere financial interest" in the matter is insufficient. *Continental Casualty Co. v. Diversified Indus.*, 884 F. Supp. 937, 944 (E.D. Pa. 1995) (stating "an absent party must have a legally protected interest, and not merely an interest of convenience"). Given GERS itself has failed to claim an interest, the Superior Court defendants' "self-serving attempts to assert interests on behalf of [GERS] fall outside the language of [Rule 19(a)(1)(B))], and thus cannot be the basis for [their] necessary party argument." *ConnTech Dev. Co. v. Univ. of Conn. Educ. Props.,* 102 F.3d 677, 683 (2d Cir. 1996).

### III.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Motion for Joinder of the Government Employees Retirement System as a Necessary Party [DE-70] by the Superior Court of the Virgin Islands and Honorable Darryl D. Donohue, Sr., is **DENIED**.

**Dated:** October 3, 2012                                 S\_____
                                                                                    **RUTH MILLER**
                                                                                    United States Magistrate Judge