DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| THE HONORABLE LEON A. KENDALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2010-109 |
| | ) | |
| SUPERIOR COURT OF THE VIRGIN ISLANDS, GOVERNMENT OF THE VIRGIN ISLANDS, and THE HONORABLE DARRYL D. DONOHUE, SR., in his official capacity, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

ATTORNEYS:

**Suzanne M. Elovecky, Esq.**
Todd & Weld LLP
Boston, MA
**Darren John-Baptiste, Esq.**
The Practice, PLLC
St. Thomas, VI
     *For the plaintiff the Honorable Leon A. Kendall,*

**Aquannette Y. Chinnery, AAG**
St. Thomas, VI
**Jennifer L. Augspurger, AAG**
St. Thomas, VI
**Bernard M. Vansluytman, Esq.**
Law Offices of Bernard Vansluytman
St. Thomas, VI
     *For the defendant the Government of the Virgin Islands.*

**Paul L. Gimenez, General Counsel**
St. Thomas, VI
**Queen Terry, General Counsel**
St. Thomas, VI
     *For the defendants the Superior Court of the Virgin Islands*
     *and Darryl D. Donohue Sr..*

*Kendall v. GVI, et al.*
Civil No. 2010-109
Order
Page 2

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of the defendant, the Government of the United States Virgin Islands (the "Government") for an order compelling plaintiff/appellant Leon A. Kendall ("Judge Kendall") to order a complete trial transcript.

Judge Kendall filed suit in this Court on October 20, 2010. His four-count complaint alleged that a number of actions taken by the Government had impaired his employment contract in violation of the Contracts Clause of the United States Constitution.  He also alleged that the Government had breached the terms of its employment agreement with him.

Count One alleged that the Government impaired the employment contract when it passed legislation which provided that retiring employees, rather than receiving a lump sum payment for accumulated sick leave, would be entitled to service credit towards the service retirement annuity to which the employee may be entitled.  Count One also alleged the Government breached Judge Kendall's employment contract when it refused to give him a lump sum payment for accumulated sick leave.  Count Two alleged that the Government impaired the employment contract by passing legislation which capped the amount of annuity that

*Kendall v. GVI, et al.*
Civil No. 2010-109
Order
Page 3

could be paid to retiring employees to $65,000.  Count Two

further alleged that the Government Breached Judge Kendall's

employment contract by capping his annuity.  Count Three alleged

that the Government had breached his employment contract by

failing to pay Judge Kendall accumulated and accrued annual

leave in a lump sum.  Count Four alleged that the Government

breached the employment contract and unlawfully impaired its

contractual obligations when it failed to pay Judge Kendall for

his earned compensatory time.

The Court held a hearing on November 8, 2012.  Both parties

appeared.  In that hearing, the Court dismissed Count Four.

The other three counts were decided in a bench trial, which

was held on December 3, 2012.  The Court entered judgment on

February 28, 2013, finding in favor of the defendants as to the

three remaining counts.  That judgment was amended on March 1,

2013.[1]

Thereafter, Judge Kendall appealed the March 1, 2013,

Judgment to the Third Circuit.  Judge Kendall designated and

ordered the transcript of the November 8, 2012, hearing on April

25, 2013.  That order was filed with this Court.  The Government

then filed what it titled its "Fed. R. App. P. 10(b)(3)

Designation," seeking to have Judge Kendall order the

---

[1] The amendment was not substantive in any way.

*Kendall v. GVI, et al.*
Civil No. 2010-109
Order
Page 4

transcripts of the bench trial.  That document was filed with

the Third Circuit.  The Third Circuit stated that it was unclear

what relief was sought by the Government, and instructed the

Government to file motions as appropriate to the extent the

Government did seek relief. (May 22, 2013, Order, App. No. 13-

1919.)

Thereafter, on June 11, 2013, the Government filed the

instant motion to compel Judge Kendall to purchase the bench

trial transcript. Judge Kendall opposes the motion.

Federal Rule of Appellate Procedure 10 ("Rule 10") states:

(b) The Transcript of Proceedings.

(3)   Partial  Transcript.  Unless  the  entire
      transcript is ordered:

      (A)  the  appellant  must--within  the  14
           days  provided  in  Rule  10(b)(1)--file
           a statement of the issues that the
           appellant intends to present on the
           appeal  and  must  serve  on  the
           appellee a copy of both the order or
           certificate and the statement;

      (B)   if  the  appellee  considers  it
            necessary  to  have  a  transcript  of
            other parts of the proceedings, the
            appellee must, within 14 days after
            the  service  of  the  order  or
            certificate and the statement of the
            issues,  file  and  serve  on  the
            appellant  a  designation  of
            additional parts to be ordered; and

      (C)  unless within 14 days after service
           of that designation the appellant
           has  ordered  all  such  parts,  and  has

*Kendall v. GVI, et al.*
Civil No. 2010-109
Order
Page 5

> so notified the appellee, the
> appellee may within the following 14
> days either order the parts or move
> in the district court for an order
> requiring the appellant to do so. .
> . .

Fed. R. App. P. 10.

The advisory committee's notes clarify that the rule applies where "the appellant orders no transcript, or orders a transcript of less than all the proceedings." Fed. R. App. P. 10 advisory committee's note. A "proceeding" is "the regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." Proceeding, *Black's Law Dictionary* (9th ed. 2009).

Judge Kendall requested transcripts only from one hearing, the November 8, 2012, hearing. That is, he ordered a "transcript of less than all the proceedings." Fed. R. App. P. 10, advisory committee's note. Thus, Judge Kendall, who appeals the entirety of the matter's outcome and not merely the outcome of that hearing, has designated a partial transcript within the reach of Rule 10(b)(3).

In order to determine if Judge Kendall is responsible for ordering transcripts beyond that which he has already designated, the Court must determine if Judge Kendall complied with the filing and service requirements of Rule 10(b)(3). *See* Fed. R. App. P. 10(b)(3)(A). An appellant who orders a partial

*Kendall v. GVI, et al.*
Civil No. 2010-109
Order
Page 6

transcript under Rule 10(b)(3) is required to serve the appellee
with both the transcript order and a statement of the issues on
appeal within 14 days of filing his notice of appeal. *See* Fed.
R. App. P. 10(b)(3)(A). The purpose of requiring appellants who
provide only partial transcripts to state the issues for appeal
is to allow the appellee to determine what portions of the
transcripts are relevant or necessary. *See, e.g.*, *Blake v.
Trainer*, 148 F.2d 10, 13 (D.C. Cir. 1945)(discussing counsel's
obligation to base transcript designations on the issues raised
on appeal).

It is undisputed that Judge Kendall served the transcript
order and a document entitled "Concise Summary of the Case" (the
"Summary") within the required time frame. By stating the issues
to be raised on appeal in his Summary, Judge Kendall gave the
Government the information necessary to determine what portions
of the transcripts might be necessary or relevant.  As such, the
Summary was sufficient for the purposes of Rule 10(b)(3)(A).
Thus, the time for the Government's response began running on
the date the Summary was served.

Judge Kendell served the Summary on April 25, 2013.  Under
Rule 10(b)(3), the Government then had 14 days to designate
additional portions of the transcripts which it believed would
assist the appellate court in deciding the issues. The appellee

*Kendall v. GVI, et al.*
Civil No. 2010-109
Order
Page 7

is also required to serve the designations on the appellant. The
Government filed and served its designations on May 13, 2013.

"[U]nless within 14 days after service of that designation
the appellant has ordered all such parts, and has so notified
the appellee, the appellee may within the following 14 days
either order the parts or move in the district court for an
order requiring the appellant to do so." Fed. R. App. P.
10(b)(3)(C). Judge Kendall did not order the additional parts
of the transcripts requested. The Government timely moved this
Court for an order compelling him to do so.

Judge Kendall appeals from the dismissal of Count Four on
November 8, 2012, and from the judgment in favor of the
government on Counts One, Two, and Three, following a bench
trial on those Counts. Despite the broad nature of this appeal,
Judge Kendall designated only the transcript of the November 8,
2012, hearing. "While an appellant is not always required to
provide a complete transcript of district court proceedings, the
appellant does have a duty to provide those portions that are
necessary for a meaningful review." *Crompton Mfg. Co. Inc. v.
Plant Fab, Inc.*, 91 F. App'x 335, 338 (5th Cir. 2004.) As Judge
Kendall also appeals the outcome of the December 3, 2012, bench
trial, the Court is inclined to grant the Government's motion in
order to provide the Third Circuit with a complete record.

*Kendall v. GVI, et al.*
Civil No. 2010-109
Order
Page 8

The premises considered, it is hereby

**ORDERED** that the Government's motion to compel Judge

Kendall to order the trial transcript in this matter is **GRANTED;**

and it is further

**ORDERED** that Judge Kendall shall order the trial transcript

not later than March 10, 2014.


S\_____
        **Curtis V. Gómez**
        **District Judge**