```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN
```

THE HONORABLE LEON A. KENDALL,      )
                                    )
            Plaintiff,              )
                                    )
            v.                      )    Civil No. 2010-109
                                    )
SUPERIOR COURT OF THE VIRGIN        )
ISLANDS, GOVERNMENT OF THE VIRGIN   )
ISLANDS, and THE HONORABLE DARRYL   )
D. DONOHUE, SR., in his official    )
capacity,                           )
                                    )
            Defendants.             )

ATTORNEYS:

**Suzanne M. Elovecky, Esq.**
Todd & Weld LLP
Boston, MA
**Darren John-Baptiste, Esq.**
The Practice, PLLC
St. Thomas, VI
   *For the plaintiff the Honorable Leon A. Kendall,*

**Aquannette Y. Chinnery, AAG**
St. Thomas, VI
**Jennifer L. Augspurger, AAG**
St. Thomas, VI
**Bernard M. Vansluytman, Esq.**
Law Offices of Bernard Vansluytman
St. Thomas, VI
   *For the defendant the Government of the Virgin Islands.*

**Paul L. Gimenez, General Counsel**
St. Thomas, VI
**Queen Terry, General Counsel**
St. Thomas, VI
   *For the defendants the Superior Court of the Virgin Islands*
   *and Darryl D. Donohue Sr..*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of the defendant, the Government of the United States Virgin Islands (the "Government") for an order compelling plaintiff/appellant Leon A. Kendall ("Judge Kendall") to order a complete trial transcript.

Judge Kendall filed suit in this Court on October 20, 2010. His four-count complaint alleged that a number of actions taken by the Government had impaired his employment contract in violation of the Contracts Clause of the United States Constitution. He also alleged that the Government had breached the terms of its employment agreement with him.

Count One alleged that the Government impaired the employment contract when it passed legislation which provided that retiring employees, rather than receiving a lump sum payment for accumulated sick leave, would be entitled to service credit towards the service retirement annuity to which the employee may be entitled. Count One also alleged the Government breached Judge Kendall's employment contract when it refused to give him a lump sum payment for accumulated sick leave. Count Two alleged that the Government impaired the employment contract by passing legislation which capped the amount of annuity that

could be paid to retiring employees to $65,000. Count Two further alleged that the Government Breached Judge Kendall's employment contract by capping his annuity. Count Three alleged that the Government had breached his employment contract by failing to pay Judge Kendall accumulated and accrued annual leave in a lump sum. Count Four alleged that the Government breached the employment contract and unlawfully impaired its contractual obligations when it failed to pay Judge Kendall for his earned compensatory time.

The Court held a hearing on November 8, 2012. Both parties appeared. In that hearing, the Court dismissed Count Four.

The other three counts were decided in a bench trial, which was held on December 3, 2012. The Court entered judgment on February 28, 2013, finding in favor of the defendants as to the three remaining counts. That judgment was amended on March 1, 2013.[1]

Thereafter, Judge Kendall appealed the March 1, 2013, Judgment to the Third Circuit. Judge Kendall designated and ordered the transcript of the November 8, 2012, hearing on April 25, 2013. That order was filed with this Court. The Government then filed what it titled its "Fed. R. App. P. 10(b)(3) Designation," seeking to have Judge Kendall order the

---

[1] The amendment was not substantive in any way.

*Kendall v. GVI, et al.*
Civil No. 2010-109
Order
Page 4

transcripts of the bench trial. That document was filed with the Third Circuit. The Third Circuit stated that it was unclear what relief was sought by the Government, and instructed the Government to file motions as appropriate to the extent the Government did seek relief. (May 22, 2013, Order, App. No. 13-1919.)

Thereafter, on June 11, 2013, the Government filed the instant motion to compel Judge Kendall to purchase the bench trial transcript. Judge Kendall opposes the motion.

Federal Rule of Appellate Procedure 10 ("Rule 10") states:

> (b) The Transcript of Proceedings.
>
> > (3) Partial Transcript. Unless the entire transcript is ordered:
> >
> > > (A) the appellant must--within the 14 days provided in Rule 10(b)(1)--file a statement of the issues that the appellant intends to present on the appeal and must serve on the appellee a copy of both the order or certificate and the statement;
> > >
> > > (B) if the appellee considers it necessary to have a transcript of other parts of the proceedings, the appellee must, within 14 days after the service of the order or certificate and the statement of the issues, file and serve on the appellant a designation of additional parts to be ordered; and
> > >
> > > (C) unless within 14 days after service of that designation the appellant has ordered all such parts, and has

> so notified the appellee, the appellee may within the following 14 days either order the parts or move in the district court for an order requiring the appellant to do so. . . .

Fed. R. App. P. 10.

The advisory committee's notes clarify that the rule applies where "the appellant orders no transcript, or orders a transcript of less than all the proceedings." Fed. R. App. P. 10 advisory committee's note. A "proceeding" is "the regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." Proceeding, *Black's Law Dictionary* (9th ed. 2009).

Judge Kendall requested transcripts only from one hearing, the November 8, 2012, hearing. That is, he ordered a "transcript of less than all the proceedings." Fed. R. App. P. 10, advisory committee's note. Thus, Judge Kendall, who appeals the entirety of the matter's outcome and not merely the outcome of that hearing, has designated a partial transcript within the reach of Rule 10(b)(3).

In order to determine if Judge Kendall is responsible for ordering transcripts beyond that which he has already designated, the Court must determine if Judge Kendall complied with the filing and service requirements of Rule 10(b)(3). *See* Fed. R. App. P. 10(b)(3)(A). An appellant who orders a partial

transcript under Rule 10(b)(3) is required to serve the appellee with both the transcript order and a statement of the issues on appeal within 14 days of filing his notice of appeal. *See* Fed. R. App. P. 10(b)(3)(A). The purpose of requiring appellants who provide only partial transcripts to state the issues for appeal is to allow the appellee to determine what portions of the transcripts are relevant or necessary. *See, e.g.*, *Blake v. Trainer*, 148 F.2d 10, 13 (D.C. Cir. 1945)(discussing counsel's obligation to base transcript designations on the issues raised on appeal).

It is undisputed that Judge Kendall served the transcript order and a document entitled "Concise Summary of the Case" (the "Summary") within the required time frame. By stating the issues to be raised on appeal in his Summary, Judge Kendall gave the Government the information necessary to determine what portions of the transcripts might be necessary or relevant.  As such, the Summary was sufficient for the purposes of Rule 10(b)(3)(A). Thus, the time for the Government's response began running on the date the Summary was served.

Judge Kendell served the Summary on April 25, 2013.  Under Rule 10(b)(3), the Government then had 14 days to designate additional portions of the transcripts which it believed would assist the appellate court in deciding the issues. The appellee

is also required to serve the designations on the appellant. The Government filed and served its designations on May 13, 2013.

"[U]nless within 14 days after service of that designation the appellant has ordered all such parts, and has so notified the appellee, the appellee may within the following 14 days either order the parts or move in the district court for an order requiring the appellant to do so." Fed. R. App. P. 10(b)(3)(C). Judge Kendall did not order the additional parts of the transcripts requested. The Government timely moved this Court for an order compelling him to do so.

Judge Kendall appeals from the dismissal of Count Four on November 8, 2012, and from the judgment in favor of the government on Counts One, Two, and Three, following a bench trial on those Counts. Despite the broad nature of this appeal, Judge Kendall designated only the transcript of the November 8, 2012, hearing. "While an appellant is not always required to provide a complete transcript of district court proceedings, the appellant does have a duty to provide those portions that are necessary for a meaningful review." *Crompton Mfg. Co. Inc. v. Plant Fab, Inc.*, 91 F. App'x 335, 338 (5th Cir. 2004.) As Judge Kendall also appeals the outcome of the December 3, 2012, bench trial, the Court is inclined to grant the Government's motion in order to provide the Third Circuit with a complete record.

The premises considered, it is hereby

**ORDERED** that the Government's motion to compel Judge Kendall to order the trial transcript in this matter is **GRANTED;** and it is further

**ORDERED** that Judge Kendall shall order the trial transcript not later than March 10, 2014.

S_____
**Curtis V. Gómez
District Judge**